# EXHIBIT B

**STEPTOE LLP**
JULIA B. STRICKLAND (083013)
jstrickland@steptoe.com
DAVID MOON (197711)
dmoon@steptoe.com
2029 Century Park East, Suite 1800
Los Angeles, CA 90067
Telephone:    (213) 439-9400
Facsimile:    (213) 439-9599

**STEPTOE LLP**
NICOLENA FARIAS-EISNER (336158)
nfariaseisner@steptoe.com
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9559

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A. and
CHERYL MCMURRAY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| ALICE LIN, individually,<br><br>       Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE BANK N.A., a Delaware Corporation; CHERYL MCMURRAY, an individual; and DOES 1 through 25, inclusive,<br><br>       Defendant. | Case No. 24STCV02193<br><br>**NOTICE OF FILING OF NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>(Pursuant to 12 U.S.C. § 632 and 28 U.S.C. §1332(a), as well as 28 U.S.C. §§1441 and 1446)<br><br>Action Filed: January 29, 2024 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on March 6, 2024, Defendants JPMorgan Chase Bank, N.A. and Cheryl McMurray timely filed a Notice of Removal of this action in the United States District Court for the Northern District of California (the "Notice"), pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, and 12 U.S.C. § 632. A true and correct copy of the Notice, without exhibits, is attached hereto as **Exhibit A**.

Dated: March 6, 2024                    STEPTOE LLP

By:   */s/ Julia B. Strickland*
          Julia B. Strickland
          Nicolena Farias-Eisner
          David Moon

          Attorneys for Defendant
          JPMORGAN CHASE BANK, N.A. and
          CHERYL MCMURRAY

# EXHIBIT A

**STEPTOE LLP**
JULIA B. STRICKLAND (083013)
jstrickland@steptoe.com
DAVID MOON (197711)
dmoon@steptoe.com
2029 Century Park East, Suite 1800
Los Angeles, CA 90067
Telephone:  (213) 439-9400
Facsimile:   (213) 439-9599

**STEPTOE LLP**
NICOLENA FARIAS-EISNER (336158)
nfariaseisner@steptoe.com
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9559

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A. and
STEPHANIE CASILLAS, *erroneously sued as* STEPHANIE CASILIAS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| **DIANE ARTEMIS YAFFE**, individually,<br><br>   Plaintiff,<br><br>   vs.<br><br>JPMORGAN CHASE BANK N.A., a Delaware Corporation; **STEPHANIE CASILIAS**, an individual; and **DOES 1 through 25**, inclusive,<br><br>   Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF DEFENDANT JPMORGAN CHASE BANK, N.A**<br><br>[Formerly Superior Court of San Mateo County, Case No. 24-CIV-00420] |

1  TO THE COURT, PLAINTIFF, AND HER ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1441, and
3  1446, and 12 U.S.C. § 632, Defendants JPMorgan Chase Bank, N.A. ("Chase") and
4  Stephanie Casillas ("Casillas"), *erroneously sued as* Stephanie Casilias,
5  (collectively, "Defendants") hereby remove the instant action from the Superior
6  Court of the State of California, in the County of San Mateo, to the United States
7  District Court for the Northern District of California.

8  Defendants are entitled to removal pursuant to 12 U.S.C. § 632 and 28 U.S.C.
9  §1332(a), as well as 28 U.S.C. §§1441 and 1446 based upon statutory provisions
10 providing for federal jurisdiction in matters related to foreign banking transactions.

11 Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders
12 served upon or by Defendants in the State Court Action, including the summons and
13 Complaint, are attached hereto as **Exhibit A**.

14 As grounds for removal, Chase alleges the following:

15 1. Chase and Casilias are named in the complaint ("Complaint") filed on
16 January 29, 2024, by Plaintiff in the Superior Court of the State of California,
17 County of San Mateo, Case No. 24-CIV-00420, entitled Diane Artemis Yaffe,
18 Plaintiff v. JPMorgan Chase Bank, N.A.; Stephanie Casilias, Defendants ("State
19 Court Action").

20 2. This notice of removal is timely under 12 U.S.C. § 632 because it has
21 been filed before trial of the State Court Action. It is also timely under 28 U.S.C. §
22 1446(b) and Federal Rule of Civil Procedure 6(a) because it was filed within 30
23 days of service of a copy of the Complaint on Chase on February 6, 2024. The
24 presence of Defendant Casillas, who Chase believes is not a proper defendant, is
25 irrelevant with respect to jurisdiction pursuant to 12 U.S.C. § 632. Nevertheless,
26 Casillas was served on February 19, 2024.

27 3. This Court has original jurisdiction over this matter pursuant to
28 12 U.S.C. § 632 regardless of whether other defendants are named. Even if

2
NOTICE OF REMOVAL

28 U.S.C. § 1446(b)(2)(A) were to apply, Defendants jointly consent to, and join in, the removal.  Accordingly, removal is proper pursuant to 28 U.S.C. §§ 1446(a) & (b).

4. Removal to the United States District Court for the Northern District of California is proper, because this District embraces San Mateo County, California, the county in which the State Court Action is pending.  *See* 28 U.S.C. § 1441(a).

5. Removal to the San Francisco Division of this Court is proper because Plaintiff is a resident of San Mateo County, California.  (Compl. ¶ 12.)

6. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing this notice of removal with this Court, serving a copy of this notice upon Plaintiff, and filing a copy in the Superior Court of California, County of San Mateo where the State Court Action was filed.

7. Pursuant to 28 U.S.C. § 1446(d), counsel for Chase are providing written notice of this removal to Plaintiff and filing a copy of this Notice of Removal with the clerk in the State Court Action.  A copy of the state court notice is attached as **Exhibit B**.

8. Defendants have not filed an answer or other responsive pleading to Plaintiff's Complaint in the State Court Action.

**JURISDICTIONAL ALLEGATIONS: EDGE ACT, 12 U.S.C. § 632**

9. This Court has subject matter jurisdiction over civil actions to which a corporation organized under the laws of the United States is a party that "aris[e] out of transactions involving international or foreign banking."  12 U.S.C. § 632.  Here, the Action is of a civil nature, and Chase is a national bank organized under the laws of the United States.

10. The Complaint in the State Court Action alleges claims against Defendants for financial elder abuse in violation of the Elder Abuse and Dependent Adult Civil Protection Act, Cal. Welf. & Inst. Code § 15600, et seq., unfair business practices in violation of California's Unfair Competition Law, Bus. & Prof. Code §

17200, and negligent infliction of emotional distress.  These civil claims are all predicated on and arise out of the seven allegedly fraudulent wire transactions from Plaintiff's accounts at Chase to "an overseas bank."  (Compl. ¶¶ 3, 42, 44, 45, 46, 55, 91.)  The alleged transactions involve wire transfers of funds from Plaintiff's Chase accounts to various overseas banks between September 2022 and October 2022.  (*Id.* ¶¶ 42-52.)

11.     These allegations are subject to federal jurisdiction pursuant to the Edge Act, 12 U.S.C. § 632.  The Edge Act creates federal subject-matter jurisdiction over "all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party," and that arise in whole or in part "out of transactions involving international or foreign banking."  The statute provides in relevant part:

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries, shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.

*Id.*

12.     This case (1) is civil in nature; (2) involves a corporation organized under the laws of the United States, as a party; and (2) includes claims that arise out

of transactions involving foreign or international banking.  (*See, e.g.*, Compl. ¶¶ 91-118 (asserting claims against Defendants that they improperly and negligently transferred funds from Plaintiff's Chase account into foreign bank accounts between September and October of 2022).)  Accordingly, this Court has original jurisdiction of this action under 28 U.S.C. §1331, and it may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, and 12 U.S.C. § 632.

## IN THE ALTERNATIVE, DIVERSITY JURISDICTION EXISTS

13.   In the alternative, this Court also has original jurisdiction over the Action pursuant to 28 U.S.C. § 1332(a).  As described below, Casillas is a sham defendant, and this Court need not consider her citizenship.  *See Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 806–807 (N.D. Cal. 1998) ("A defendant may remove a case with a non-diverse defendant on the basis of diversity jurisdiction and seek to persuade the district court that this defendant was fraudulently joined.").

14.   The Complaint contains no allegations sufficient to allege that Casillas acted outside the scope of her employment and for her own personal advantage such that she would be subject to individual liability.  *See Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003) (holding that an individually named employee "cannot be held individually liable as a defendant unless she acts for her own personal advantage.").  In addition, the Complaint fails to state a viable cause of action against Casillas (as well as Chase) as there are no allegations sufficient to establish that Casillas owed Plaintiff a legal duty in her individual capacity or that Casillas personally took or assisted in the taking of Plaintiff's funds.

15.   Accordingly, complete diversity exists, as Plaintiff is a citizen of California (*see* Compl. ¶¶ 10, 12) and Chase is a national banking association with its main office, as designated in its Articles of Association, in Columbus, Ohio (*see Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 708 (9th Cir. 2014) (holding that a national bank is a citizen only of the state in which its main office is located as

designated in the bank's articles of association)).

16. Additionally, the amount in controversy exceeds $75,000, exclusive of interest and costs, as Plaintiff seeks recovery of $1,846,450.00 in addition to compensatory damages, punitive damages, and attorneys' fees (*see* Compl. at Prayer for Relief; Compl. ¶¶ 3, 50, 84, 91). *See, e.g.*, *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (holding that aggregation of all relief sought, including "common law and statutory damages, exemplary and punitive damages," as well as attorneys' fees, is proper when evaluating whether amount in controversy satisfied); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006) (same).

17. WHEREFORE, Defendants pray that the State Court Action be removed from San Mateo County Superior Court and that this Court assume jurisdiction over the action, and no further proceedings be had in the State Court Action.

DATED: March 6, 2024　　　　　　　　STEPTOE LLP

By:   */s/ Julia B. Strickland*
    JULIA B. STRICKLAND
    NICOLENA FARIAS-EISNER
    DAVID MOON

Attorneys for Defendants JPMORGAN CHASE BANK, N.A. and STEPHANIE CASILLAS, *erroneously sued as* STEPHANIE CASILIAS

# PROOF OF SERVICE

F.R.C.P. 5 / C.C.P. 1013a(3)/ Rules of Court, Rule 2060

I am a resident of, or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is: Steptoe LLP, 2029 Century Park East, Suite 1800, Los Angeles, California 90057.

On **March 6, 2024**, I served **NOTICE OF REMOVAL OF DEFENDANT JPMORGAN CHASE BANK, N.A** by method indicated below, on the parties in this action:

*SEE SERVICE LIST*

☐ **BY U.S. MAIL**
By placing ☐ the original / ☐ a true copy thereof enclosed in a sealed envelope(s), with postage fully prepaid, addressed as per the attached service list, for collection and mailing at Steptoe & Johnson LLP, Los Angeles, California, following ordinary business practices. I am readily familiar with Steptoe & Johnson LLP's practice for collection and processing of documents for mailing. Under that practice, the document is deposited with the United States Postal Service on the same day as it is collected and processed for mailing in the ordinary course of business.

☐ **BY OVERNIGHT DELIVERY**
By delivering the document(s) listed above in a sealed envelope(s) or package(s) designated by the express service carrier, with delivery fees paid or provided for, addressed as per the attached service list, to a facility regularly maintained by the express service carrier or to an authorized courier or driver authorized by the express service carrier to receive documents.

☐ **BY PERSONAL SERVICE**
   ☐ By personally delivering and handing the document(s) listed above to the person(s) identified on the attached service list.
   ☐ By personally delivering the document(s) listed above to the office address(es) as shown on the attached service list and leaving said document(s) with a clerk or other person in charge, or if no one is in charge leaving it in a conspicuous place in the office(s).

☐ **BY ELECTRONIC SERVICE**
   **(via electronic filing service provider)**
By electronically transmitting the document(s) listed above to File & ServeXpress, an electronic filing service provider, at www.fileandservexpress.com pursuant to the Court's June 1, 2007 CMO #3 Order mandating electronic service. *See* Cal. R. Ct. R. 2053, 2055, 2060. The transmission was reported as complete and without error.

☒ **BY ELECTRONIC SERVICE**
   **(to individual persons)**
By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list. To my knowledge, the transmission was reported as complete and without error. *See* Cal. R. Ct. R. 2.260.

☐ **BY FACSIMILE**
By transmitting the document(s) listed above from Steptoe & Johnson LLP in Los Angeles, California to the facsimile machine telephone number(s) set forth on the attached service list. Service by facsimile transmission was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as a courtesy to the parties.

I declare under penalty of perjury under the laws of the *State of California* and the *United States of America* that the above is true and correct.

Executed on **March 6, 2024**, at Los Angeles, California.

*/s/   Grace Calderon*
Grace Calderon

# SERVICE LIST

| | |
|---|---|
| ANNE MARIE MURPHY (SBN 202540) <br> amurphy@cpmlegal.com <br> BLAIR KITTLE (SBN 336337) <br> bkittle@cpmlegal.com <br> COTCHETT, PITRE & McCARTHY, LLP <br> 840 Malcolm Road <br> Burlingame, California 94010 <br> Telephone: (650) 697-6000 <br> Facsimile: (650) 697-0577 | *Attorneys for Plaintiff* |
| THERESA E. VITALE (SBN 333993) <br> tvitale@cpmlegal.com <br> COTCHETT, PITRE & McCARTHY LLP <br> 2716 Ocean Park Boulevard, Suite 3088 <br> Santa Monica, CA 90405 <br> Telephone: (310) 392-2008 <br> Facsimile: (310) 392-0111 | *Attorneys for Plaintiff* |

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Los Angeles, CA 90067-3086.

On March 6, 2024, I served the foregoing document(s) described as: **NOTICE OF FILING OF NOTICE OF REMOVAL TO FEDERAL COURT** on the interested parties in this action as follows:

| | |
|---|---|
| ANNE MARIE MURPHY<br>amurphy@cpmlegal.com<br>BLAIR KITTLE<br>bkittle@cpmlegal.com<br>COTCHETT, PITRE & McCARTHY, LLP<br>840 Malcolm Road<br>Burlingame, California 94010<br><br>Attorneys for Plaintiff | THERESA E. VITALE<br>tvitale@cpmlegal.com<br>COTCHETT, PITRE & McCARTHY LLP<br>2716 Ocean Park Boulevard, Suite 3088<br>Santa Monica, CA 90405<br><br>Attorneys for Plaintiff |

☒ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

☒ **(VIA E-MAIL)** Pursuant to California Rule of Court 2.251(a) and Code of Civil Procedure § 1010.6, I caused the documents to be sent to the persons at their respective email addresses as set forth above.

☐ **(VIA OVERNIGHT DELIVERY)** By causing the document(s), in a sealed envelope, to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express, or by a similar overnight delivery service.

I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 6, 2024, at Los Angeles, California.

| | |
|---|---|
| Grace Calderon | */s/ Grace Calderon* |
| [Type or Print Name] | [Signature] |