UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:24-cv-01837-JLS-E　　　　　　　　　　　　　　　　Date: May 19, 2024
Title: Alice Lin v. JPMorgan Chase Bank N.A. et al

**Present: HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Charles Rojas | N/A |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:　　ATTORNEYS PRESENT FOR DEFENDANT:
　　Not Present　　　　　　　　　　　　　　　　　　　　Not Present

**PROCEEDINGS:　(IN CHAMBERS)　ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Docs. 13 & 14)**

Before the Court is Plaintiff Alice Lin's motion to remand. (Mot., Docs. 13 & 14.) Defendants JP Morgan Chase Bank, N.A. and Cheryl McMurray opposed, and Lin replied. (Opp., Doc. 16; Reply, Docs. 17 & 18.[1]) The Court finds this matter appropriate for decision without oral argument, and the hearing set for May 24, 2024, at 10:30 a.m. is VACATED. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the reasons explained below, Lin's motion is DENIED.

## I.　BACKGROUND

Lin brought this action against Defendants in California state court. (*See* Compl., Doc. 1-1, Ex. A.) An unknown non-party defrauded Lin, an elderly woman, out of $720,000 of her retirement savings. (*Id.* ¶ 4.) The non-party perpetuated the fraud by having Lin wire money out of her Chase account. (*See id.* ¶ 13.) Lin sued Defendants—Chase and McMurray, a Branch Manager at Chase—under California state law for financial elder abuse and violation of the Unfair Competition Law for failing to flag Lin's wire transfers as suspicious and instead processing them. (*See id.* ¶¶ 72–94.)

---

[1] Lin **twice** filed both her motion to remand and her reply in support of that motion. Going forward, Lin shall refrain from making duplicative filings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:24-cv-01837-JLS-E | Date: May 19, 2024 |
| Title: Alice Lin v. JPMorgan Chase Bank N.A. et al | |

Defendants timely removed this action to federal court. (NOR, Doc. 1 ¶ 2.) In their notice of removal, Defendants contend that this Court has two bases for jurisdiction: (1) Edge Act jurisdiction under 12 U.S.C. § 632; and (2) diversity jurisdiction under 28 U.S.C. § 1332 because McMurray was allegedly fraudulently joined as a defendant. (*See id.* ¶¶ 8–15.) Lin moved to remand, arguing that neither of Defendants' asserted bases provides this Court with subject-matter jurisdiction. (*See generally* Mot.)

## II. LEGAL STANDARD

As the party invoking the removal jurisdiction of this Court, Defendants bear "the burden of establishing federal jurisdiction." *California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). The Edge Act provides:

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, . . . shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits[] . . . .

Thus, Edge Act jurisdiction has three requirements: (1) a civil action, (2) in which a "corporation organized under the laws of the United States" is a party, and which (3) "aris[es] out of transactions involving international or foreign banking." *See Am. Int'l Grp., Inc. v. Bank of Am. Corp.*, 712 F.3d 775, 780 (2d Cir. 2013); *Gray v. Ben*, 2022 WL 3928375, at *2 (C.D. Cal. Aug. 31, 2022).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-01837-JLS-E  Date: May 19, 2024
Title: Alice Lin v. JPMorgan Chase Bank N.A. et al

### III. ANALYSIS

The Court DENIES Lin's motion to remand because the Court has subject-matter jurisdiction under the Edge Act. Because of this conclusion, the Court need not determine whether McMurray was fraudulently joined. And because the Court denies Lin's motion to remand, it also DENIES her request for attorney fees and costs.

#### A. Arising Out of an International Banking Transaction

Lin brings a civil suit against Chase, satisfying the first requirement of Edge Act jurisdiction. (*See* Compl.) Chase is a national bank organized under the laws of the United States, satisfying the second requirement of Edge Act jurisdiction. (NOR ¶ 8.) The only requirement at issue is whether Lin's suit "aris[es] out of transactions involving international or foreign banking." (*See* Mot. at 22.)

Defendants argue that this action "aris[es] out of" international banking transactions because one of the fraudulent transfers was sent to the bank account of a non-U.S. individual at a non-U.S. bank. As mentioned, the non-party defrauded Lin of $720,000. (Compl. ¶¶ 4.) That fraud occurred over the course of seven wire transfers. (*Id.* ¶ 50.) One of those wire transfers—for $200,000—was sent to an account at HSBC Bank, a United Kingdom entity, and the account holder has a listed residence in Hong Kong.[2] (*Id.*; RJN, Doc. 3; Chase Records, Doc. 3-1.)

---

[2] On several occasions, Lin notes that her complaint does not allege the international aspect of this wire transfer. (*E.g.*, Mot. at 11 ("no allegations of foreign or international business transactions"). The Court GRANTS Defendants' request for judicial notice ("RJN") and takes notice of the business records they provided. (RJN; Chase Records.) Moreover, by specifying that defendants in actions meeting the Edge Act's factual predicates may remove "at any time before the trial," the Edge Act "overcomes the well-pleaded-complaint rule," *cf. Mesa v. California*, 489 U.S. 121, 136 (1989) (cleaned up) (concluding that the federal-officer removal statute displaces the well-pleaded complaint rule); *see Westmoreland Cap. Corp. v. Findlay*, 100 F.3d 263, 268 (2d Cir. 1996) (citing the Edge Act as an example of Congress "explicitly"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-01837-JLS-E  Date: May 19, 2024
Title: Alice Lin v. JPMorgan Chase Bank N.A. et al

In *Gray v. Ben*, 2022 WL 3928375 (C.D. Cal. Aug. 31, 2022), a court in this District found that it had Edge Act jurisdiction under substantially similar circumstances. In *Gray*, the plaintiffs brought negligence and financial elder abuse claims, alleging that the defendants had "failed to make reasonable inquiries" of one of the plaintiffs before "authorizing [a] wire transfer to Bangkok Bank." *Id.* at *1. The court found that the plaintiffs' claims arose out of an international banking transaction because "[t]he alleged failures that give rise to potential liability stem directly from Defendants' processing [of] the wire transfers authorized by [one of the plaintiffs] without inquiring about their purpose." *Id.* at *3. The Court finds the *Gray* approach to be persuasive and follows it here: Lin's claims arise from an international banking transaction because they "stem directly from Defendants' processing [of] the wire transfer[]." *Id.*

Lin makes four arguments to resist the conclusion that this action meets the Edge Act's "arising out of" requirement; the Court finds none to be persuasive.

First, Lin primarily argues that "it is not [the] foreign transaction[] . . . that [is] at issue in this case" but instead "Defendant[s'] knowing assistance in the blatant financial elder abuse." (Mot. at 23.) However, a review of Lin's complaint reveals that this a false dichotomy and that Chase's processing of the wire transfers ***is*** the alleged "blatant financial elder abuse." For example, Lin's complaint alleges:

- "[T]he scammers then require the assistance of financial institutions, like Chase, and bank managers, like McMurray to ***authorize large transactions*** . . . ." (Compl. ¶ 7 (emphasis added).);

---

displacing the well-pleaded complaint rule), *abrogated on other grounds by Vaden v. Discover Bank*, 556 U.S. 49 (2009). The opposite conclusion would allow plaintiffs to render the Edge Act's grant of federal-court jurisdiction a nullity simply by omitting from their complaint the international nature of a banking transaction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-01837-JLS-E	Date: May 19, 2024
Title: Alice Lin v. JPMorgan Chase Bank N.A. et al

- "Chase representatives across two branches . . . failed to protect Plaintiff . . . ***when they wired nearly three quarters of a million dollars from the Chase account in question*** . . . without performing a sufficient risk assessment." (*Id.* ¶ 13 (emphasis in original).);

- "In violation of their own obligations . . . , Chase representatives ***completed the following wire transfers*** from Plaintiff's Chase account . . . ." (*Id.* ¶ 50 (emphasis added).);

- "None of this ***banking activity*** . . . was monitored, flagged, reported as suspicious, reported to the co-account holder, or prevented by [Defendants] or representatives who approved or effectuated ***the wire transfers***." (*Id.* ¶ 53 (emphasis added).);

- "Chase employees continued to knowingly and substantially assist the blatant financial elder abuse, ***completing five more enormous transfers*** . . . ." (*Id.* ¶ 64 (emphasis added).); and

- "[T]he failure to report, prevent or delay the suspicious ***transfers*** . . . constituted assisting in taking of funds from Plaintiff . . . ." (*Id.* ¶ 78 (emphasis added).)

Second, Lin relies on out-of-District cases to argue that Edge Act jurisdiction exists only where a case implicates "banking law," a term that Lin leaves undefined. (Mot. at 25; Reply at 8.) *See Weiss v. Hager*, 2011 WL 6425542, at *3 (S.D.N.Y. Dec. 19, 2011) ("[t]his case involves no banking law issues"); *Bank of N.Y. v. Bank of Am.*, 861 F. Supp. 225, 233 (S.D.N.Y. 1994) (summarizing Edge Act cases as having "required [courts] to consider and apply principles of banking law to resolve them"). But the statute asks whether the action "aris[es] out of" international banking transactions, a phrase that "asks about causation." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021) (describing "arise out of" language in personal-jurisdiction test). Had Congress wished to limit jurisdiction to cases involving "banking law," it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-01837-JLS-E                                                        Date: May 19, 2024
Title:  Alice Lin v. JPMorgan Chase Bank N.A. et al

could have easily done so; instead, Congress broadly granted jurisdiction over cases "arising out of" international banking transactions, and this Court must adhere to that decision.  Accordingly, the Court does not find *Weiss* and *Bank of New York* to be persuasive and declines to add a "banking law" requirement to the Edge Act's text.[3]

Third, Lin argues that the "arising out of" requirement is not met because only one of the seven wires was an international transaction.  (Mot. at 24; Reply at 10.)  However, that one wire was for $200,000—roughly 28% of the defrauded funds.  Whether or not the Edge Act admits a *de minimis* exception, that issue is not relevant here given the substantial portion of the funds that were transferred via an international bank wire.

---

[3] If, by noting the lack of federal "banking law" at issue in this case, Lin intends to suggest that the Edge Act's conferral of jurisdiction is unconstitutional because it falls outside of Article III's grant of "arising under" jurisdiction, the Court rejects that argument.  "As long ago as *Osborn* [*v. Bank of U.S.* in 1824], [the Supreme] Court held that Article III's 'arising under' jurisdiction is broad enough to authorize Congress to confer federal-court jurisdiction over actions involving federally chartered corporations."  *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 264 (1992) (citing *Osborn v. Bank of U.S.*, 22 U.S. 738 (1824)).  Admittedly, the Supreme Court has noted "[t]he breadth" of *Osborn* "has been questioned."  *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 492 (1983) (ultimately not deciding the viability of *Osborn* because the statute in question "necessarily raise[d] questions of substantive federal law at the very outset"); *see also Mesa v. California*, 489 U.S. 121, 136 (1989) (noting there would be "serious doubt" that the federal-officer removal statute were constitutional in the absence of a "federal defense requirement").  But where "a precedent of [the Supreme] Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the [lower court] should follow the case which directly controls, leaving to [the Supreme] Court the prerogative of overruling its own decisions."  *Agostini v. Felton*, 521 U.S. 203, 237 (1997) (quotation omitted).  Thus, the Court concludes that it has Article III arising-under jurisdiction under *Osborn* and its progeny, which have direct application in this case involving a nationally chartered bank.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.:  2:24-cv-01837-JLS-E | Date: May 19, 2024 |
| Title:  Alice Lin v. JPMorgan Chase Bank N.A. et al | |

Fourth, Lin argues that this case does not "aris[e] out of" an international banking transaction because "a portion of Plaintiff's money" just "happened to be ultimately wired to a foreign bank" and that, "[i]f that single international wire" had not occurred, then no Edge Act jurisdiction would exist.  (Mot. at 24.)  The Court admits that it is somewhat strange for federal-court jurisdiction to turn on the happenstance of where a wire transferee is located, but that result flows from Congress requiring a nexus to an "international" transaction.

### B.  Federal-State Comity

Lin also argues that, even if the Court has Edge Act jurisdiction, "princip[les] of comity support" this Court exercising some unspecified font of discretion to remand this case back to state court.  (Mot. at 26–27.)  But "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress."  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).  Of course, "[t]his duty is not absolute" and there are "exceptional circumstances"—well-established abstention doctrines—where a federal court may properly decline to exercise jurisdiction.  *Id.* (citing *Colorado River* abstention as an example).  Because Lin does not argue that an abstention doctrine applies, the Court has a duty to hear this case over which it has jurisdiction.

### IV.  <u>CONCLUSION</u>

For the above reasons, Defendants' motion to remand (Docs. 13 & 14) is DENIED.


Initials of Deputy Clerk: cr