**STEPTOE LLP**
JULIA B. STRICKLAND (SBN 83013)
*jstrickland@steptoe.com*
DAVID W. MOON (SBN 197711)
*dmoon@steptoe.com*
ALICE KWAK (SBN 318883)
*akwak@steptoe.com*
2029 Century Park East, Suite 980
Los Angeles, CA 90067
Telephone: (213) 439-9400
Facsimile: (213) 439-9599
Email: *docketing@steptoe.com*

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A.
and CHERYL McMURRAY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALICE LIN, individually,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK N.A., a Delaware Corporation; CHERYL MCMURRAY, an individual; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 2:24-cv-01837-JLS-E<br><br>[Assigned to Hon. Josephine L. Staton]<br><br>**DEFENDANTS JPMORGAN CHASE BANK N.A.'S AND CHERYL MCMURRAY'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION OF PLAINTIFF'S MOTION TO COMPEL DEPOSITION** |

Pursuant to L.R. 37-2.3, defendants JPMorgan Chase Bank, N.A. ("Chase") and Cheryl McMurray (together, "Defendants") respectfully submit the following Supplemental Memorandum in opposition to plaintiff Alice Lin's ("Plaintiff") Motion to Compel Deposition ("Motion").

## I. Chase's Supplemental Responses and Document Production Fully Address Subject Matter Topic Nos. 5 and 8 in Plaintiff's Motion.

On June 18, 2025, Chase served its supplemental responses and production of documents as directed by the Court in its May 28, 2025 Order. This production responded to Plaintiff's Requests for Production Nos. 30–35, which aligned to some extent with the disputed deposition topics related to prior lawsuits and complaints of elder abuse or potential elder abuse at issue in the present Motion. Specifically, Request Nos. 30-35 sought:

**Request for Production of Documents No. 30**
All DOCUMENTS, other than to or from YOUR attorneys, that refer or relate to prior lawsuits filed in California against YOU for YOUR alleged participation in financial elder abuse from 2015 to present.

**Request for Production of Documents No. 31**
All DOCUMENTS that refer or relate to claims and or complaints about YOUR employees at the South Pasadena Branch and/or Redondo Beach Branch participation in financial elder abuse from 2015 to present.

**Request for Production of Documents No. 32**
All DOCUMENTS that refer or relate to reports by YOUR employees at the South Pasadena Branch and/or Redondo Beach Branch regarding suspected financial elder abuse from 2015 to present.

**Request for Production of Documents No. 33**
All DOCUMENTS that refer or relate to YOUR employees at the South Pasadena Branch and/or Redondo Beach Branch regarding suspected fraud involving a customer over the age of 65 from 2015 to present.

**Request for Production of Documents No. 34**
ALL DOCUMENTS that refer or relate to reports of similar prior incidents involving the South Pasadena branch [2015-August 2022].

> **Request for Production of Documents No. 35**
> ALL DOCUMENTS that refer or relate to reports of similar prior incidents involving the Redondo Beach Branch [2015-August 2022].

(Decl. of Alice Kwak ¶ 14.) The corresponding deposition Subject Matter Topic Nos. 5, 8, and 9 are:

> **Subject Matter No. 5**
> Prior lawsuits filed in California against YOU for YOUR alleged participation in financial elder abuse from 2015 to present.
>
> **Subject Matter No. 8**
> Claims and/or complaints about YOUR employees' at the South Pasadena Branch and/or Redondo Beach Branch participation in financial elder abuse from 2015 to present.
>
> **Subject Matter No. 9**
> Potential elder abuse at the South Pasadena Branch and/or Redondo Beach Branch from 2015 to present.

(Id. ¶ 13.)

Chase's Supplemental Response and production on June 18, 2025, included:

- Records identifying all known prior lawsuits against Chase filed in California involving financial elder abuse from 2015 to the present. Chase produced records identifying the cases by name and case number (where available) and also produced copies of the court dockets for each lawsuit. ***These documents provide the information sought with respect to Subject Matter No. 5.***
- Confirmation that, after conducting a diligent search and reasonable inquiry, Chase is unaware of any claims and or complaints about participation in financial elder abuse by its employees at the South Pasadena Branch and/or Redondo Beach Branch from 2015 to present, excepting the claims advanced by Plaintiff in this litigation. ***Chase's Supplemental Response confirms that no deposition regarding Subject Matter No. 8 is necessary.***

Accordingly, Chase's supplemental responses and document production fully address Subject Matter Topic Nos. 5 and 8 in Plaintiff's Motion.

**II. Subject Matter Topic No. 9 Remains Objectionable on Numerous Grounds.**

As Chase has previously objected, this topic is vague and fails to provide sufficient clarity or particularity to enable Chase to reasonably prepare and designate a witness. It also seeks testimony that is neither relevant nor proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Plaintiff's claims in this case involve a series of wire transfers that Plaintiff requested in person. To prevail on her claims, Plaintiff must show that the employees who assisted her ***knew*** that the recipients of those wire transfers were committing fraud against Plaintiff through a cryptocurrency scam. Plaintiff has already deposed several of the individual employees who handled Plaintiff's wire transfer requests. Nothing about different employees' experiences with different customers in different circumstances up to a decade ago—including transactions that turned out to be legitimate or otherwise did not involve actual elder abuse, did not involve wire transfers, did not involve investments, involved relatives rather than third parties, etc.—has any bearing on what the employees who handled Plaintiff's transactions knew about those transactions.

Chase has repeatedly offered to discuss narrowing Subject Matter Topic No. 9, but as of the date of this filing Plaintiff has failed to do so. Chase's objections should be sustained.

For the foregoing reasons, Chase respectfully requests that the Court deny the Motion in its entirety.

///

///

///

DATED: June 27, 2025

STEPTOE LLP
JULIA B. STRICKLAND
DAVID W. MOON
ALICE KWAK

By: *[/s/ David W. Moon]*
David W. Moon

Attorneys for Defendants
JPMorgan Chase Bank, N.A.
and Cheryl McMurray