ANNE MARIE MURPHY (SBN 202540)
amurphy@cpmlegal.com
BLAIR KITTLE (SBN 336337)
bkittle@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcom Road
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

THERESA E. VITALE (SBN 333993)
tvitale@cpmlegal.com
CAILIN M. RUFF (SBN 358322)
cruff@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
2716 Ocean Park Boulevard, Suite 3088
Santa Monica, CA 90405
Telephone: (310) 392-2008
Facsimile: (310) 392-0111

*Attorneys for Plaintiff Alice Lin*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALICE LIN**, individually<br><br>Plaintiffs,<br><br>v.<br><br>**JP MORGAN CHASE BANK, N.A., a Delaware Corporation, CHERYL MCMURRAY, an individual; and DOES 1 through 25, inclusive,**<br><br>Defendants. | Case No.: 2:24-cv-01837-JLS-E<br><br>**DECLARATION OF THERESA E. VITALE IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES**<br><br>Hearing Date:   August 29, 2025<br>Time:           9:30 a.m.<br>Place:          Courtroom 750<br>                255 East Temple Street<br>                Los Angeles, CA 90012<br><br>Fact Disc. Cut-off:    August 6, 2025<br>Expert Disc. Cut-off:  October 17, 2025<br>Final Pre-Trial Conf.: November 7, 2025<br><br>Hon. Charles F. Eick |

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**DECLARATION OF THERESA E. VITALE IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES; CASE NO.: 2:24-CV-01837-JLS-E**

# DECLARATION OF THERESA E. VITALE

I, Theresa E. Vitale, do hereby declare that:

1. I am an attorney duly admitted to practice before all courts of the State of California and am an attorney with the law firm of Cotchett, Pitre & McCarthy, LLP. I make this declaration in support of Plaintiff's Motion to Compel Production of Documents and Responses. The following facts are true of my own personal knowledge and, if called as a witness in this matter, I could and would testify competently to the facts set forth in my declaration.

2. This case involves Chase's assistance in an elder financial abuse wire scam that resulted in now 82-year-old Plaintiff, Alice Lin, losing nearly all of her retirement savings. The requests for production at issue concern Chase communications and documents relevant to Plaintiff's claims for financial elder abuse and unfair competition, including regarding prior similar incidents and about the trainings provided to Chase employees.

3. This is the third motion to compel Plaintiff has had to file against Chase in this case. Chase has adopted a litigation practice of refusing to comply with its discovery obligations until this Court orders it to comply.

4. On April 9, 2025, Plaintiff served her second set of Requests for Production of Documents. In response to Request Nos. 37-41, Defendant served boilerplate objections with no substantive responses. Attached hereto as **Exhibit A** is a true and correct copy of the Plaintiffs' Requests for Production of Documents to Defendant Chase, Set Two. Attached hereto as **Exhibit B** is a true and correct copy of Defendant's Responses to Plaintiff's Request for Production of Documents, Set Two, served on May 9, 2025.

5. On May 2, 2025, Plaintiff served her third set of Requests for Production of Documents. A few days later, on May 6, 2025, Plaintiff served her first set of Interrogatories. Attached hereto as **Exhibit C** is a true and correct copy of the Plaintiffs' Requests for Production of Documents to Chase, Set Three. Attached hereto as **Exhibit**

**D** is a true and correct copy of the Plaintiffs' Interrogatories to Defendant Chase, Set One.

6. On May 30, 2025, I approved an extension to respond to all pending discovery on or by June 6, 2025. A true and correct copy of this email exchange is attached hereto as **Exhibit E**.

7. On June 2, 2025, approximately an hour before the deposition of the designated Chase person most knowledgeable on the topic of training of employees at the relevant branches, counsel for Chase replied to the prior email exchange with a chart with selected training log entries.

8. On June 6, 2025, Defendant served boiler plate objections with very few substantive responses and produced a single document, the same chart that had been emailed previously. Defendant did not indicate whether or not additional documents were forthcoming. Attached hereto as **Exhibit F** is a true and correct copy of Defendant's Responses to Plaintiff's Request for Production of Documents, Set three. Attached hereto as **Exhibit G** is a true and correct copy of Defendant's Responses to Plaintiffs' Interrogatories to Defendant Chase, Set One.

9. On May 28, 20025, this court Granted in part Plaintiffs' first motion to compel.

10. Additionally, on June 2, 2025, the Hon. Judge Staton granted the Parties' joint stipulation to extend case deadlines by two months. The request was made in large part due to the outstanding documents that were the subject of the first motion to compel.

11. On June 17, 2025, pursuant to F. R. Civ. P. 26-37 and L.R. 37-1, Plaintiff sent a detailed meet and confer letter regarding the outstanding issues with Defendant's responses and production of documents. The letter requested supplemental responses and documents, as well as the basis for certain objections. A true and correct copy of Plaintiff's letter is attached hereto as **Exhibit H**.

12. Defendant disregarded the L.R. 37-1 10 day deadline to respond, and only after repeated follow up emails from counsel for Plaintiff, responded on July 8, 2025.

1  Defendant refused to supplement its responses or document production. A true and
2  correct copy of Defendant's letter is attached hereto as **Exhibit I**.

3        13. Prior to responding to Plaintiff's letter, on June 18, 2025, Defendant
4  produced documents responsive to prior requests made on December 17, 2024, pursuant
5  to this Court's order to produce documents. The production also included two
6  spreadsheets with EVP entries in response to Requests Nos. 52-53, 54, 56-61. It is not
7  clear how the spreadsheets were created or what criteria was used to populate them. For
8  example, only one category of case types, "Vulnerable Adult Exploitation," was
9  included.

10       14. Plaintiff's Requests for Production Nos. 37-41 seek documents and
11 communications related to Defendant's knowledge of and relationship with Cross River
12 Bank. Cross River Bank was the "Receiving Bank" for Plaintiff's transactions on
13 August 4, 5, and 8, 2022 totaling over $150,000.00. Defendant replied to Requests for
14 Production Nos. 37-38 with the same six blanket objections and to Requests for
15 Production Nos. 39-41 with the first five same objections. Defendant did not state that
16 documents were being produced and did not specify whether documents were being
17 withheld and on what basis. Additionally, only wire recall communications from
18 Defendant to Cross River Bank have been produced.

19       15. On June 6, 2025, Defendant produced a "training log"
20 (CHASE_LIN0002538- CHASE_LIN0002541), which appears to be a cherry-picked,
21 attorney-created record of certain trainings during a limited time period. A true and
22 correct copy of the chart produced by Defendant is attached hereto as **Exhibit J**.

23       16. In the deposition of the person most knowledgeable on the issue of
24 employee training, it became clear that training logs are readily available for Defendant
25 to export and produce. True and correct copies of excerpts of the deposition of Dawn
26 Dahlin, taken June 2, 2025 are attached hereto as **Exhibit K**.

27
28

17. For Requests Nos. 54-58 and 60-61 Plaintiff asked Defendant in her June 17, 2025 letter to supplement its response and produce responsive documents if such documents exist.

18. In response to Requests for Production Nos. 52 and 53, Defendant stated that, it would "produce non-privileged, responsive documents within its possession, custody or control, that it can locate after conducting a diligent search and reasonable inquiry, to the extent that they exist."

19. In response to Requests for Production Nos. 62 and 64, Defendant stated that responsive, non-privilege documents have been produced. To date, only one, two-page document has been produced.

20. Finally, despite Defendant's assertion that Interrogatory No. 13 is vague as to what Plaintiff means by "the financial elder abuse alleged in PLAINTIFF's Complaint," Plaintiff has clearly identified allegations of financial elder abuse in her Complaint and in numerous motions. Defendant is well aware of Plaintiff's claims of potential scam, as was made apparent by the deposition of a Chase employee who suspected abuse and called Plaintiff regarding his suspicion. True and correct copies of excerpts of the deposition of Ivan Lo, taken April 21, 2025 are attached hereto as **Exhibit L**.

21. Defendant has yet to state when it will complete its document productions in response to any of Plaintiff's discovery requests, but on July 24 2025, after repeated requests from counsel for Plaintiff, counsel for Defendant represented that some additional documents would be produced soon.

22. Other than producing those two spreadsheets, Defendant refused to supplement its responses or document production. On July 24, Plaintiff's counsel sent Defendant's counsel her portion of this draft Joint Stipulation pursuant to L.R. 37-2. A true and correct copy of this email exchange is attached hereto as **Exhibit M**.

23. On July 25, 2025, only after Plaintiff sent the draft Joint Stipulation on July 24, 2025, did Defendant email a supplemental training log. Defendant produced a single

spreadsheet with additional entries and employees. However, not all relevant employees were included. Specifically, Defendant continues to withhold entries for Makeda Sanyika, Alenna Espadas, and Liang Chun Tippins in response to Requests Nos. 45-47. A true and correct copy of this email exchange is attached hereto as **Exhibit N**.

24. Additionally, on July 25, 2025, Defendant served its supplemental response to Requests for Production No. 63. Chase did not specify whether responsive documents ever existed and/or were destroyed. Attached hereto as **Exhibit O** is a true and correct copy of Defendant's Supplemental Response to Plaintiff's Request for Production of Documents, Set three.

25. Defendant should be ordered to compel any and all documents not produced by the filing of this motion

Dated: August 7, 2025                    **COTCHETT, PITRE & McCARTHY, LLP**

                                         By: *Theresa Vitale*
                                         THERESA E. VITALE
                                         *Attorneys for Alice Lin*