# Exhibit A

ANNE MARIE MURPHY (SBN 202540)
amurphy@cpmlegal.com
BLAIR KITTLE (SBN 336337)
bkittle@cpmlegal.com
PIERCE H. STANLEY (SBN 352152)
pstanley@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

THERESA E. VITALE (SBN 333993)
tvitale@cpmlegal.com
**COTCHETT, PITRE & McCARTHY LLP**
2716 Ocean Park Boulevard, Suite 3088
Santa Monica, CA 90405
Telephone: (310) 392-2008
Facsimile: (310) 392-0111

*Attorneys for Plaintiff Alice Lin*

# UNITED STATE DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE LIN, individually,<br><br>   Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A., a Delaware Corporation, CHERYL MCMURRAY, an individual; and DOES 1 through 25, inclusive,<br><br>   Defendants. | CASE NO.: 2:24-CV-01837-JLS-E<br><br>**PLAINTIFF ALICE LIN'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JPMORGAN CHASE BANK, N.A.** |

PROPOUNDING PARTY:   PLAINTIFF ALICE LIN.

RESPONDING PARTY:   DEFENDANT JPMORGAN CHASE BANK, N.A.

SET NO.:   TWO (2).

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**PLAINTIFF ALICE LIN'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JPMORGAN CHASE BANK, N.A.; CASE NO.: 2:24-CV-01837-JLS-E**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Alice Lin ("Plaintiff") requests that Defendant JPMorgan Chase Bank, N.A. ("Defendant") respond to Plaintiff's Second Set of Requests for Production of Documents and produce all responsive documents to the law office of Cotchett, Pitre & McCarthy, LLP, 840 Malcolm Road, Burlingame, California, 94010 with thirty (30) days after service of this request.

<u>**DEFINITION AND INSTRUCTIONS**</u>

The following definitions and instructions are not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

**A.    DEFINITIONS**

1. "YOU," "YOUR," "DEFENDANT," and "CHASE BANK" refer to Defendant JPMorgan Chase Bank, N.A.., and any other persons acting under its control or on its behalf, including its officers, directors, principals, partners, employees, agents, representatives, and consultants.

2. "DOCUMENTS" shall have the meaning "writing" as proscribed in Evidence Code § 250:

> "Writing" means handwriting, typewriting, printing, photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

"DOCUMENT" specifically embraces the original, an identical copy if the original is not available, and non-identical copies (whether different from the original because of notes made thereon or otherwise) of the documents described in these requests. The DOCUMENTS to be produced pursuant to these requests specifically embrace, in addition to DOCUMENTS within YOUR possession, custody or control, DOCUMENTS within the possession, custody or control of any of YOUR agents or representatives, including YOUR attorneys.

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

PLAINTIFF ALICE LIN'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JPMORGAN CHASE BANK, N.A.; CASE NO.: 2:24-CV-01837-JLS-E    1

3. "CORRESPONDENCE" refers to the transmittal of information (including without limitation facts, ideas, and inquiries) whether orally, in writing, or otherwise, and whether in the form of emails, text messages, instant messages, chat logs, letters, envelopes, telegrams, or otherwise.

**4.   INSTRUCTIONS**

1. In producing the DOCUMENTS and things, the Responding Party shall furnish all DOCUMENTS in the possession, custody or control of its agents and/or representatives, including its attorneys and corporate affiliates, and shall supplement its responses as necessary under the Rule 34 of the Federal Rules of Civil Procedure.

2. If any requested DOCUMENT or thing cannot be produced in full, it shall be produced to the extent possible, indicating what DOCUMENTS or portion of DOCUMENTS are being withheld and the reasons why such DOCUMENTS are being withheld.

3. If any privilege is claimed to be applicable to any DOCUMENT the production of which is sought by any Request, with respect to that DOCUMENT:

    a. State the date(s) the DOCUMENT was created, sent and received;
    b. Identify each and every author of the DOCUMENT;
    c. Identify each and every other person who prepared and participated in the production of the DOCUMENT;
    d. Identify each and every person who received the DOCUMENT;
    e. Identify each and every person from whom the DOCUMENT was received;
    f. State a description of the DOCUMENT sufficient to identify it without revealing the information for which the privilege is claimed;
    g. State the present location of the DOCUMENT and all copies thereof;
    h. Identify each and every person having custody or control of the DOCUMENT and all copies thereof;

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

PLAINTIFF ALICE LIN'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JPMORGAN CHASE BANK, N.A.; CASE NO.: 2:24-CV-01837-JLS-E

2

      i. Provide sufficient further information concerning the DOCUMENT to explain the claim of privilege and to permit the adjudication of the propriety of that claim.

4. Notwithstanding the assertion of any privilege or objection, any DOCUMENT that contains both privileged or objectionable and non-privileged or non-objectionable information that is responsive to any Request must be produced with the privileged or objectionable information redacted from the DOCUMENT.

5. Copies of the file tab or label of the file in which a DOCUMENT is called for in the Request is found shall be produced along with the documents found in this file.

6. DOCUMENTS attached to each other should not be separated.

7. DOCUMENTS not otherwise called for by any Request shall be produced if such DOCUMENTS refer, relate to or explain the DOCUMENTS which are called for by this Request or if such Documents are attached to DOCUMENTS called for by any Request and constitute routing slips, transmittal memoranda, letters, comments, evaluations or similar DOCUMENTS.

8. If YOU are aware that a DOCUMENT or thing, or group of DOCUMENTS or things, once existed, but has been destroyed, YOU are requested to state when the DOCUMENT, group of DOCUMENTS, thing or group of things, was destroyed, why it was destroyed, and the circumstances under which it was destroyed.

9. Pursuant to Section 2031.030, Propounding Party requests production of ESI in the following format:

    a. Documents should be produced with a load file that defines document breaks, attachments, and metadata, and with a cross-reference file that facilitates the linking of the produced file with a litigation database;

    b. For emails, word processing documents, and presentations, Propounding Party prefers production in TIFF format, with metadata and text searchable information extracted from the native file and produced as fielded metadata;

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

PLAINTIFF ALICE LIN'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JPMORGAN CHASE BANK, N.A.; CASE NO.: 2:24-CV-01837-JLS-E

3

  c. Family relationships among email and attachments should be maintained.

  d. Spreadsheets should be produced in native format;

  e. For production of information from proprietary databases, scheduling programs, accounting systems, mapping systems, and/or other databases, we are available to meet and confer on these matters; and

  f. Fields of metadata:

    i. All ESI: Start bates, end bates, start attachment, end attachment, custodian or source, MD-5 hash value, title, creation date, and page count;

    ii. E-Mail: In addition to the metadata to be produced for all ESI, for all e-mail, the producing party will also produce the following as fielded metadata: subject, from, to, copyees, blind copyees, date sent, time sent, MD-5 hash value, begin attachment, and end attachment. Family relationships among email and attachments will be maintained by ensuring that attachments immediately follow their parent email and setting the "begin attachment" and "end attachment" metadata fields appropriately; and

    iii. Spreadsheets: To be produced (i) as a native file, and (ii) with a load file suitable for linking it to a litigation support database that (for authentication) identifies the MD-5 hash value of each file.

NOTICE IS HEREBY GIVEN that the Propounding Party at the time of trial will move the Court for an order excluding from evidence all tangible or intangible items falling within the scope of these requests not disclosed or identified in Responding Party's response thereto.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION OF DOCUMENT NO. 1:

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

PLAINTIFF ALICE LIN'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JPMORGAN CHASE BANK, N.A.; CASE NO.: 2:24-CV-01837-JLS-E

4

Any and all non-privileged DOCUMENTS related to any litigation, arbitration, and/or regulatory investigation involving concerning allegedly fraudulent wire transfers to Cross River Bank from January 2010 to present.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 2:**

Any and all non-privileged DOCUMENTS related to reports of scams involving Cross River Bank from January 2010 to present.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 3:**

All CORRESPONDENCE between YOU and Cross River Bank regarding any allegedly fraudulent wire transfers.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 4:**

All CORRESPONDENCE between YOU and any of YOUR customers regarding financial elder abuse involving money sent to Cross River Bank.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 5:**

Any and all DOCUMENTS regarding YOUR attempts to recover money from Cross River Bank for customers between January 2010 to present.

Dated: April 9, 2025                COTCHETT, PITRE & McCARTHY, LLP

By: _/s/ Theresa E. Vitale_
ANNE MARIE MURPHY
BLAIR V. KITTLE
THERESA E. VITALE
PIERCE H. STANLEY

*Attorneys for Plaintiff Alice Lin*

LAW OFFICES
COTCHETT, PITRE & McCARTHY, LLP

PLAINTIFF ALICE LIN'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JPMORGAN CHASE BANK, N.A.; CASE NO.: 2:24-CV-01837-JLS-E

5

# PROOF OF SERVICE

I am employed in the County of San Mateo. I am over the age of 18 years and not a party to this action. My business address is the Law Offices of Cotchett, Pitre & McCarthy, LLP, San Francisco Airport Office Center, 840 Malcolm Road, Burlingame, California, 94010. On this day, I served the following document(s) in the manner described below:

1. **PLAINTIFF ALICE LIN'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JPMORGAN CHASE BANK, N.A.**

✓ **VIA E-MAIL:** My e mail address is eleebellows@cpmlegal.com. I am readily familiar with this firm's practice for causing documents to be served by e-mail. Following that practice, I caused the aforementioned document(s) to be emailed to the addressee(s) specified below.

| | |
|---|---|
| Julia B. Strickland<br>David W. Moon<br>Alice Kwak<br>Steptoe LLP<br>633 West Fifth Street, Suite 1900<br>Los Angeles, CA  90071<br>jstrickland@steptoe.com<br>dmoon@steptoe.com<br>akwak@steptoe.com | **COUNSEL FOR ATTORNEY FOR DEFENDANTS JPMORGAN CHASE AND CHERYL MCMUARRY** |

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed at Burlingame, California, on April 9, 2025.

*Ethan Lee-Bellows*
ETHAN LEE-BELLOWS

PROOF OF SERVICE  1