**STEPTOE LLP**
JULIA B. STRICKLAND (SBN 83013)
*jstrickland@steptoe.com*
DAVID W. MOON (SBN 197711)
*dmoon@steptoe.com*
ALICE KWAK (SBN 318883)
*akwak@steptoe.com*
2029 Century Park East, Suite 980
Los Angeles, CA 90067
Telephone: (213) 439-9400
Facsimile: (213) 439-9599
Email: *docketing@steptoe.com*

Attorneys for Defendants
  JPMORGAN CHASE BANK, N.A.
  and CHERYL McMURRAY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE LIN, individually,<br><br>             Plaintiff,<br><br>       v.<br><br>JPMORGAN CHASE BANK N.A., a Delaware Corporation; CHERYL MCMURRAY, an individual; and DOES 1 through 25, inclusive,<br><br>             Defendants. | Case No. 2:24-cv-01837-JLS-E<br><br>[Assigned to Hon. Josephine L. Staton]<br><br>**DECLARATION OF ALICE KWAK IN SUPPORT OF JOINT STIPULATION PURSUANT TO L.R. 37-2 RE PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES** |

## DECLARATION OF ALICE KWAK

I, Alice Kwak, declare as follows:

1. I am an attorney duly admitted to practice before this Court and all courts of the State of California. I am an associate with Steptoe LLP and one of the attorneys of record for defendant JPMorgan Chase Bank, N.A. ("Chase") in the above-captioned action. The following information is true and of my own personal knowledge. If called as a witness, I could and would testify competently and truthfully to the same.

2. On April 9, 2025, plaintiff Alice Lin ("Plaintiff") served Chase with her second set of Requests for Production of Documents ("RFP Set Two"). See Declaration of Theresa E. Vitale ("Vitale Decl."). Ex. A. On May 9, 2025, Chase timely responded to Plaintiff's RFP Set Two. See Vitale Decl. Ex. B.

3. On May 2, 2025, Plaintiff served Chase with her third set of Requests for Production of Documents ("RFP Set Three"). See Vitale Decl. Ex. C. On June 6, 2025, Chase timely responded to Plaintiff's RFP Set Three. See Vitale Decl. Ex. F.

4. On May 6, 2025, Plaintiff served Chase with her first set of Interrogatories ("Interrogatory Set One"). See Vitale Decl. Ex. D. On June 6, 2025, Chase timely responded to Plaintiff's ROG Set One. See Vitale Decl. Ex. G.

5. On June 2, 2025, my colleague, David Moon, emailed Plaintiff's counsel a spreadsheet as an informal production in advance of the document production deadline of June 6, 2025, and in advance of a 30(b)(6) deposition of Chase's representative.

6. On June 17, 2025, Plaintiff's counsel, Ms. Vitale, sent a meet-and-confer letter about purported issues with Chase's responses to, *inter alia*, RFP Set Two, RFP Set Three, and Interrogatory Set One. See Vitale Decl. Ex. H.

7. On July 8, 2025, I sent Ms. Vitale a detailed letter responding to her June 17, 2025 letter addressing each issue raised therein. Specifically, I represented that supplemental documents would be provided for some requests, provided further

-1-

information as clarification for several items, and confirmed that Chase would be standing on its objections asserted as to problematic items. I also offered in good faith to continue to meet and confer to, *inter alia*, refine the scope of some of the requests objected to. See Vitale Decl. Ex. I. Ms. Vitale never took me up on that offer.

8. On July 23, 2025, my colleague, Julia Strickland, informed Ms. Vitale that supplemental documents would be provided by the end of that week. Attached hereto as **Exhibit 1** is Ms. Strickland's July 23, 2025 e-mail to Ms. Vitale.

9. The very next day, on July 24, 2025, Plaintiff circulated a draft joint stipulation for her Motion to Compel Production of Documents and Responses, disregarding the forthcoming supplemental documents and responses. See Exhibit M to Vitale Decl.

10. As promised, on July 25, 2025, Chase served its supplemental documents and responses. See Vitale Decl. Ex. N.

11. On July 28, 2025, I emailed Ms. Vitale asking her to revise the Joint Stipulation to reflect the status of several discovery items, including those rendered moot by prior productions and responses. Ms. Vitale confirmed that a revised Joint Stipulation would be circulated to remove some of the requests. Later that day, I received a revised Joint Stipulation. A true and correct copy of our July 28, 2025 email exchange is attached hereto as **Exhibit 2**.

12. Chase has already produced relevant, non-privileged documents to several of the requests at issue, including records of EVP Referral forms submitted by Chase branch employees, which were produced on June 18, 2025. Plaintiff raises for the first time in the Joint Stipulation the assertion that Chase limited its production of EVP Referral forms to those under the "Vulnerable Adult Exploitation" category and that additional categories of referral forms should also be produced. This argument was not raised in Ms. Vitale's meet-and-confer letter or otherwise. See Vitale Decl. Ex. H.

13. Since receiving Plaintiff's 71 separate document requests spanning over four sets of Requests for Production of Documents, Chase has served written responses, produced 2,780 pages of non-privileged documents, and provided a privilege log in compliance with Rule 26(b)(5)(A).

14. Plaintiff claims that Chase "failed" to offer dates for two recent depositions, but Plaintiff neglects to mention that in scheduling recent depositions of Chase's 30(b)(6) witnesses, Ms. Vitale informed us that "[t]he best and only date I have for deposition in the next few weeks is [July 25, 2025]." Chase offered one of its witnesses for that date. A true and correct copy of this email exchange is attached hereto as **Exhibit 3**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of August 2025.

*/s/ Alice Kwak*
Alice Kwak